[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DEFENDANTS' MOTION TO DISMISS
The defendants move to dismiss the plaintiff's complaint on the ground that the plaintiff lacks standing. The defendants first argue that the plaintiff lacks standing because the judgment upon which this action is based was rendered in favor of "Pullman, Comley, Bradley Reeves" and not the plaintiff, "Pullman Comley." Specifically, the defendants assert that Pullman Comley, the plaintiff, is a separate and district entity from Pullman, Comley, Bradley Reeves, the judgment creditor.
It is well established principle "`"that every presumption is to be indulged in favor of jurisdiction."'" State v. Carey,222 Conn. 299, 305, 610 A.2d 1147 (1992), quoting Lauer v. Zoning Commission, 220 Conn. 455, 460, 600 A.2d 310 (1991). It is found that although the defendants cite authority for the proposition that standing goes to the court's subject matter jurisdiction, they cite no authority for the proposition that a mere change in the name of a partnership renders said partnership a separate and distinct entity. Therefore Pullman Comley does not lack standing to enforce a judgment rendered in favor of Pullman, Comley, Bradley Reeves.
The defendants further argue that because Pullman Comley is a trade name and they have failed to register it as such they have violated General Statutes 35-1 and 42-110(b). Specifically, the defendants assert that because the defendant has violated 35-1 and 42-110b the court should hold that they CT Page 1712 lack standing to sue under the name of "Pullman Comley."
Section 35-1 provides, in pertinent part, that
 [n]o person . . . shall conduct or transact business in this state, under any assumed name, or under any designation, name or style, corporate or otherwise, other than the real name or names of the person or persons conducting or transacting such business, unless there has been filed . . . a certificate stating the name under which such business is or is to be conducted or transacted and the full name and post-office address of each person conducting or transacting such business, or in the case of a corporation using such an assumed name, its full name and principal post-office address.
 . . . The provisions of this section shall not prevent the lawful use of a partnership name or designation if such partnership name or designation includes the true surname of at least one of the persons composing such partnership. . . . Any person conducting or transacting business in violation of the provisions of this section shall be fined not more than five hundred dollars or imprisoned not more than one year. Failure to comply with the provisions of this section shall be deemed to be an unfair or deceptive trade practice under subsection (a) of section 42-110b.
General Statutes 35-1. It is found that 35-1 provides three sanctions for violations of the statute: (1) a fine of not more than 500 dollars; (2) imprisonment of not more than one year, and (3) a basis for a claim pursuant to General Statutes42-110b, et seq., to recover action and/or punitive damages. CT Page 1713
The defendants have cited no authority in support of their proposition that a violation of 35-1 deprives one of access to the courts.
Accordingly, the defendants' motion to dismiss is denied.
LEHENY, JUDGE